Agostini, John A., J.
1. Introduction 
This shareholders’ derivative suit is before the Court on two motions. First, the defendants have moved to dismiss the action on the grounds that the corporation has been sold and the plaintiff, representing the interests of the corporation, has lost standing. Second, the plaintiff has filed what he captions as a Cross Motion to Determine the Requirements of G.L.c. 156D, §7.45, and Grant Any Approval (If Any) that May be Required, asserting his belief that the Court must, before dismissing this action for lack of standing, approve of a settlement agreement reached by the parties. For the following reasons, the defendants’ motion to dismiss is allowed, and the plaintiffs motion is moot.
2. Background
Five years ago, the plaintiff, S. Prestley Blake (Blake), brought this derivative action in his representative capacity as a shareholder of Friendly’s Ice Cream Corporation (Friendly’s). On August 29, 2007, Friendly’s stockholders voted to approve the merger of Friendly’s with Freeze Operations, Inc., an affiliate of Sun Capital Partners, Inc. Approximately 98.5% of the shares voted, and among them were the 12.9% owned by Blake, who voted his shares in favor of the merger. The merger agreement provided that Friendly’s stockholders were paid $15.50 in cash for each share of stock owned, without interest and less any applicable withholdings. The merger was effectuated on August 30, 2007. There is no dispute that once the merger took place, Blake lost *588 his ownership interest in Friendly’s, and the sole owner of Friendly’s is now Sun Capital Partners, Inc.
Also last summer, the parties entered a settlement agreement, but they have not disclosed the date or specific terms of that agreement having agreed that the terms would remain confidential unless disclosure were required by Mass.RCiv.P. 23.1. The parties have revealed that they agreed to exchange general releases and that Friendly’s would use its best efforts to have its insurance company pay a portion of the legal fees incurred by Blake in this action. The defendants represent that the settlement consists of reimbursement of a portion of the plaintiffs attorneys fees, to be paid by Friendly’s insurer, and Blake acknowledges that the settlement gave him advantages not shared by other former shareholders.
Beyond that, the relationship between the settlement agreement and the sale of Friendly’s remains vague. Blake implies that he agreed to vote his 12.9% of Friendly’s shares in support of the merger on condition of the settlement of this litigation, and he does not claim that the sale of Friendly’s involved fraud.
The defendants contend, without explanation of the percentages of votes for and against the merger, that Blake’s shares were not enough to derail the merger had he opposed it. The defendants further assert that Sun Capital Partners, Inc. is the only entity with standing to object to the settlement and is aware of and approved the settlement. Blake does not challenge these assertions, nor has Sun Capital Partners, Inc., sought to intervene in this action in the four months since the merger.
3. Discussion
In general, once a plaintiff in a shareholder’s derivative suit ceases to be a stockholder due to a merger or sale of the corporation, he loses standing to pursue claims on behalf of that corporation. See Billings v. GTFM, LLC, 449 Mass. 281, 292-93 (2007); Schaeffer v. Cohen, Rosenthal, Price, Mirkin, Jennings & Berg, P.C., 405 Mass. 506, 512-13 (1989). The two exceptions to this rule are when the merger is the subject of a fraud claim, and where the merger is a reorganization which does not affect the plaintiffs ownership of the business enterprise. Billings at 293, citing Lewis v. Anderson, 477 A.2d 1040, 1046 n. 10 (1984). There are no arguments, much less evidence, that either of these exceptions applies here, and Blake concedes that he has lost standing in this action.
This result is not altered by the fact that the parties entered a settlement agreement which has not been authorized by the Court, nor is Blake’s standing revived by his motion asking how to proceed in light of G.L.c. 156D, §7.45. That statute reads:
A derivative proceeding may not be discontinued or settled without the court’s approval. If the court determines that a proposed discontinuance or settlement will substantially affect the interests of the corporation’s shareholders or a class of shareholders, the court shall direct that notice to be given to the shareholders affected.
Similarly, Mass.R.Civ.P. 23.1 provides in pertinent part:
The [derivative] action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to shareholders or members in such manner as the court directs.
Both G.L.c. 156D, §7.45, and Mass.R.Civ.R 23.1 address circumstances in which the parties seek to terminate a derivative action on the basis of a settlement agreement. Here, where Blake’s loss of standing mandates dismissal of the action and the parties have not presented the settlement agreement for court approval to dismiss the case, G.L.c. 156D, §7.45, and Mass.R.Civ.P. 23.1 do not bar dismissal on lack of standing grounds, and the effect (or lack thereof) of the unauthorized settlement agreement is not an issue properly before the Court.
ORDER
For all the foregoing reasons, it is hereby ORDERED that the Defendants’ Motion to Dismiss is ALLOWED. The Plaintiffs Cross Motion to Determine the Requirements of G.L.c. 156D, §7.45 and Direct Such Further Proceedings (If Any) as May be Required is moot.